BUSINESS BUYERS OF NEW
ENGLAND, INC., Plaintiff,
Appellant,

v.

Jeffrey F. GURHAM, Betty C. Gurham,
Defendants, Appellees.

No. 84–1883.

United States Court of Appeals,
First Circuit.

Submitted Feb. 1, 1985.

Decided Feb. 6, 1985.

Robert R. Goodrich, Freeport, Me., with whom Powers & French, Freeport, Me., was on brief for plaintiff, appellant.

J. Michael Huston, Freeport, Me., with whom Michael D. Lang and Lang, Huston & Boutin, Freeport, Me., were on brief for defendants, appellees.

Before BREYER and ALDRICH, Circuit Judges, and PETTINE,* Senior District Judge.

PER CURIAM.

Plaintiff appeals from a judgment of dismissal of its complaint insofar as said judgment reads, "on the merits." Plaintiff's position is correct, and we reverse.

Plaintiff brought this diversity action by complaint filed in the District Court for the District of Maine on June 21, 1984, seeking contract damages in the amount of $75,000. Defendants moved to dismiss, alleging three grounds. (1) Failure to state a cause of action. (2) Failure to plead with sufficient definiteness, with hints that defendants might be entitled to summary judgment. (3) Lack of jurisdiction. In connection with this last defendants alleged the following.

"Once challenged, the party seeking to invoke the jurisdiction of the Federal Court has the burden of proving the existance of the jurisdictional amount by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount. (See generally *Federal Practice and Procedure*, Wright, Miller and Cooper, Chapter 6, § 3702). In the present instance, the burden is therefore on the Plaintiff to show affirmatively that the claim here meets the amount in controversy threshold. *Posner v. Merrill Lynch, Pierce,*

* Of the District of Rhode Island, sitting by desig-       nation.

*Fenner and Smith,* D.C.N.Y., 1979, 469 F.Supp. 972."

Pursuant to this allegation defendants filed an affidavit to the effect that if they were liable, the amount involved was $5,300.

The District of Maine has certain keep-on-your-toes local rules, which plaintiff failed to observe. As a result, plaintiff was defaulted, and ultimately the judgment now objected to was entered. Plaintiff moved to amend by striking the words "on the merits." Upon denial of this motion, it appeals.

██ Defendants were correct that, once questioned, the burden of showing jurisdiction was on the plaintiff. This cannot be supplied by default; the lack of subject matter jurisdiction can be raised at any time. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Moore, Federal Practice Vol. 1, ¶ 0.60[4]. Particularly defendants should be estopped from making the extraordinary argument,

"The Court would certainly have been within its right to disbelieve the Defendants' Affidavit with regard to the amount in controversy."

This is our first experience of a party predicating a judgment in his favor upon the falsity of his own affidavit.

██ So far as the record goes, the court had no jurisdiction. Hence its only judgment, assuming it was going to dismiss, could be "dismissed without prejudice."

Reversed.