In re Jimmy Lee **GRIFFITH**, Debtor.

**Jimmy Lee GRIFFITH,
Plaintiff-Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, a federal corporation, and Arthur J. Clark, Defendants-Respondents.**

**Civ. No. 84–35–RE.**

United States District Court,
D. Oregon.

Feb. 15, 1985.

William R. Turnbow, Hershner, Hunter, Miller, Moulton & Andrews, Springfield, Or., for defendants-respondents.

W.V. Deatherage, Frohnmayer, Deatherage, deSchweinitz & Pratt, Medford, Or., for debtor/plaintiff-appellant.

OPINION

REDDEN, District Judge:

Appellant, Jimmy Lee Griffith, appeals from an order of the Bankruptcy Court granting summary judgment in favor of appellee, the Federal Deposit Insurance

Corporation (FDIC), and denying appellant's motion to abstain and remand.

*Background*

On October 30, 1981, Griffith entered into an agreement with the Bear Creek Valley Bank (bank) which provided for a loan of $210,000 by the bank to Griffith, secured by a trust deed on certain real property. Two trust deeds were recorded in November 1981; both named the bank as beneficiary and Arthur Clark as successor trustee. The trust deeds included Griffith's residential property.

On March 23, 1983, Griffith brought suit for reformation of the trust deeds against Clark and the bank in the Jackson County Circuit Court. On March 24, 1983, Griffith filed for bankruptcy under Chapter 11. On March 25, 1983, the Oregon superintendent of banks took over the bank and appointed the FDIC as its receiver. The FDIC was substituted for the bank in the state court action.

The FDIC then petitioned to the Bankruptcy Court for removal of the state action. Griffith filed a motion in the Bankruptcy Court to abstain and remand, and the FDIC filed a motion for summary judgment. Following oral argument, the Bankruptcy Court granted the motion for summary judgment and denied the motion to abstain and remand. Griffith appealed to this court.

*Discussion*

I. *Standard*

■ The Bankruptcy Court's findings of fact are governed by a "clearly erroneous" standard, and its conclusions of law are subject to *de novo* review. *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

II. *Analysis*

Griffith's first contention is that the Bankruptcy Court erred in entering a final judgment in this case. Griffith argues that the Court should have entered a "proposed judgment" pursuant to former Local Bankruptcy Rule 106–1(d)(3)(B), thus making an appeal unnecessary and presenting all issues to the District Court. Griffith acknowledges that the former Local Bankruptcy Rule placed the burden upon him to provide the Bankruptcy Court with notice that final judgment should be entered by the District Court. He acknowledges that he failed to do so but asserts that Bankruptcy Judge Luckey stated at the hearing that a proposed order would be entered, thus waiving the requirements of Rule 106–1(d)(3)(C).

■ I disagree. A review of Judge Luckey's comments shows that he indicated only that the entry of a proposed order was a possibility. He did not state that he would enter such an order. In addition, Griffith was required to demand entry of a proposed order "in the first pleading or motion made by [him]" in the Bankruptcy Court. Thus, Griffith had already failed to comply at the time of the hearing, and there was no detrimental reliance on Judge Luckey. It was proper for Judge Luckey to enter a final judgment.

■ Griffith agrees that if, as I have found, entry of the final order was proper, then the denial of his motion to remand or abstain is not reviewable. *See* 28 U.S.C. § 1478(b). In any event, I agree with the Bankruptcy Court's conclusion that it would not work an injustice to apply Bankruptcy Rule 9027(a) and that the FDIC's petition for removal was timely. I also agree that the matter is not one more appropriately litigated in state court.

The remaining issue is whether the Bankruptcy Court correctly granted the FDIC's motion for summary judgment.

Griffith's suit for reformation is based on his claim that he and the bank agreed that the trust deed, securing the bank's loan to Griffith, would not include the property on which Griffith's home is located. He contends that by mutual mistake it was included, while another parcel of land was accidentally omitted. The Bankruptcy Court concluded that Griffith's claims were barred by 12 U.S.C. § 1823(e), which provides that:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

The purpose of section 1823(e) is:

to insure that the FDIC, when it expends moneys intrusted to it to purchase assets of a closed insured bank, can rely on the bank's records and will not be risking an impairment of the assets through an agreement not contained in the bank's records.

*Federal Deposit Insurance Corporation v. Vogel,* 437 F.Supp. 660, 663 (E.D.Wis. 1977).

The statute had been consistently construed to bar claims based on assertions by a debtor that the actual agreement between him and the bank contained different or additional terms then those set forth in writing. *See, e.g., Black v. Federal Deposit Insurance Corporation,* 640 F.2d 699 (5th Cir.) (Unit B), *cert. denied,* 454 U.S. 838, 102 S.Ct. 143, 70 L.Ed.2d 119 (1981).

Griffith argues that the statute only precludes individuals from asserting the validity of "secret" agreements relating to assets required by the FDIC. His situation is different, he claims, because he is contending that there is no valid written contract between him and the bank, rather than that there is a valid agreement containing additional "secret" terms. He relies on *Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63, *rehearing denied,* 459 U.S. 1059, 103 S.Ct. 477, 74 L.Ed.2d 624 (1982).

In *Gunter,* the Gunters purchased stock in Hamilton Bank & Trust Company of Atlanta with money borrowed from Hamilton National Bank of Chattanooga, Tennessee. They executed promissory notes to secure the loans. The Chattanooga bank became insolvent and the FDIC was appointed receiver. Among the assets it took over was one of the promissory notes executed by the Gunters. Some months later the Atlanta bank also became insolvent. The Gunters then sued the former officers and directors of the Chattanooga bank for damages and rescission of the notes, alleging that the former officers and directors had fraudulently induced them to buy stock in the Atlanta bank. The Gunters sought rescission of the note held by the FDIC on the same grounds, and the FDIC counterclaimed for payment of the note, raising as one theory that 12 U.S.C. § 1823(e) prevented the Gunters from asserting their claims against the FDIC. The Court of Appeals disagreed, finding that the Gunters were not arguing the existence of an "oral side agreement," but rather "that the entire transaction was invalid from the beginning." *Id.* at 867. Thus, the Court concluded that section 1823(e) did not bar the Gunters' fraud claims.

This case is distinguishable from *Gunter.* As the Bankruptcy Court observed, Griffith states in his affidavit that the agreement between him and the bank did not contemplate him putting up his home as collateral. It is undisputed that this is not reflected in the bank records. Thus, Griffith is not asserting that the entire transaction between him and the bank was invalid, as was the case in *Gunter.* Rather, he contends that an agreement between him and the bank exists, but that it is *different* than the one shown in bank records. This is precisely the sort of claim barred by section 1823(e).

A somewhat similar case is *Federal Deposit Insurance Corporation v. Webb,* 464 F.Supp. 520 (E.D.Tenn.1978), where the debtor signed several 90 day notes on

which the FDIC later sought to collect. The debtor argued that his original agreement was that the notes would be renewable for a ten-year period. The Court rejected the debtor's claim, finding that the evidence of such an understanding did not meet the requirements of section 1823(e). *Id.* at 524–25.

Griffith, too, seeks to establish that he had an agreement with the bank that is not reflected in writing. Under section 1823(e), any such agreement is invalid.

The decision of the Bankruptcy Court is therefore affirmed.