William Bart LLOYD, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver for Capitol Bank and Trust Company, Inc., Defendant.

Civ. A. No. 92–0262L.

United States District Court,
D. Rhode Island.

Feb. 17, 1993.

William Bart Lloyd, pro se.

Sherry A. Giarrusso, Michael A. Kelly, Adler, Pollock & Sheehan, Providence, R.I., J. Kendall Rathburn, Franklin, MA, for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is presently before the Court on the motion of defendant Federal Deposit Insurance Corporation ("FDIC") to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff brought this action seeking injunctive relief restraining defendant from foreclosing on a mortgage held by it, and equitable relief regarding a purchase and sale contract between plaintiff and Capitol Bank and Trust Company, Inc. ("Capitol Bank") which plaintiff claims was based on mutual mistake. Defendant argues (1) that this Court lacks subject matter jurisdiction because plaintiff has failed to exhaust his administrative remedies and has brought suit in the wrong court; (2) that plaintiff's claim is barred by the *D'Oench* doctrine, 12 U.S.C. § 1823(e); and (3) that this Court has no power to grant the requested injunctive relief. For the reasons explicated below, the Court concludes that it does not have subject matter jurisdiction of this action, and therefore grants the motion to dismiss.

### I. Background

The underlying transaction on which plaintiff seeks to sue is described by plaintiff as follows.

On or about June 9, 1990, Capitol Bank published a Notice of Foreclosure and Sale regarding an abandoned six-unit apartment building located at 11–13 Steere Avenue in Providence, Rhode Island ("the property"). Plaintiff commenced negotiations with Capitol Bank for the purchase of the property.

On November 30, 1990, Capitol Bank acquired the property for $30,000 at a publicly held foreclosure auction. Immediately thereafter, Capitol Bank and plaintiff executed a contract for the sale and financing of the property for $125,000 including renovation funding. Plaintiff signed a promissory note in favor of Capitol Bank, which was secured by a mortgage on the property. The property transfer and mortgage were recorded on December 4, 1990.

The contract in question has not been provided to the Court, but plaintiff states that it provided that the $125,000 in funding was to be apportioned as $80,000 for the purchase of the property, $40,000 in renovation funding, and $5,000 in capitalized interest payments. Capitol Bank disbursed $10,000 in renovation funding when the transfer was made.

On December 28, 1990, the Massachusetts Commission of Banks declared Capitol Bank insolvent and appointed the FDIC as receiver. A few days thereafter plaintiff contacted the bank to request disbursement of the balance of the funding, as the renovations were complete. He was informed at that time that Capitol Bank had failed and that the FDIC would not be disbursing any funds.

Plaintiff engaged in correspondence with the FDIC regarding the renovation funding in the first half of 1991. On June 13, 1991 he received the FDIC's official disaffirmance of his loan, by letter from Phil Crutchfield, Account Officer. The notice noted that the FDIC, by statute, has the power to disaffirm agreements, and stated:

> In your case the records of the bank substantiate that you are a party to an unfunded loan agreement dated November 30, 1990. The FDIC, as receiver of the bank, has elected to disaffirm and does hereby disaffirm the said agreement.

The notice stated that plaintiff had until August 13, 1991 to file his proof of claim. Mr. Crutchfield also suggested a meeting to discuss refinancing of the outstanding principal balance of $86,944.65.

Plaintiff filed a proof of claim, although the timeliness of that filing is in dispute. Plaintiff's claim requested the $30,000 balance due under the contract for renovations, as well as $1,956.32 held in escrow

and $1,005 for a water bill owed by Capitol Bank and paid by plaintiff. Plaintiff's accompanying letter offered to deed his interest in the property to Capitol Bank upon payment of the $32,956.32 total.[1] Alternatively, he offered to purchase the FDIC's interest for $50,000. Plaintiff's claim has since been denied, and plaintiff has brought suit to challenge that denial in the United States District Court for the District of Massachusetts.

On or about March 4, 1992, while that claim was pending, the FDIC sent to plaintiff a Notice of Intention to Foreclose the mortgage on the property on April 23, 1992. Plaintiff then instituted this action in Rhode Island Superior Court, seeking an injunction restraining the FDIC from proceeding with the foreclosure, and an order of equitable reformation or equitable cancellation of the contract, note and mortgage, on the grounds that they were the result of a mutual mistake of the parties as to the actual value of the property plaintiff received.

Plaintiff's mutual mistake claim is based on the theory that both parties to the contract, plaintiff and Capitol Bank, were mistaken as to the solvency of Capitol Bank, and Capitol Bank's ability to provide the promised renovation funding. Plaintiff asserts that without the renovation funding the property was not worth $80,000, and that therefore the parties were both mistaken as to the value of the consideration received by plaintiff.

The FDIC removed the action to the United States District Court for the District of Columbia, and immediately secured transfer of the action to this Court. Defendant then moved to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The FDIC argued that this Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies, in that he did not file his proof of claim by the bar date, and because he filed suit in the wrong court. Defendant also argued that plaintiff's complaint fails to state a claim because it is barred by 12 U.S.C. § 1823(e),

and that this Court, under 12 U.S.C. § 1821(j), lacks the power to issue the injunctive relief requested.

The parties engaged in oral argument on October 2, 1992, and the matter was taken under advisement. Subsequently the FDIC withdrew its argument that plaintiff failed to file a proof of claim by the bar date, and asked that the Court decide this motion on the other grounds asserted in its memorandum.

The matter is now in order for decision.

## II. Discussion

Defendant has moved for dismissal of this action under both Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim. The FDIC first asks this Court to find that it lacks subject matter jurisdiction over the action because plaintiff has not complied with the administrative claims procedure. If the Court finds that it has no jurisdiction over this action, it need not reach the Rule 12(b)(6) motion. *See Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

### A. Lack of subject matter jurisdiction

#### 1. *Timeliness of motion*

■ Plaintiff has objected that defendant's motion is not timely, because the time for further pleading had elapsed at the time the motion was made. Insofar as defendant's motion is based on lack of jurisdiction that objection is irrelevant. The lack of subject matter jurisdiction may be raised at any time. *Business Buyers of New England, Inc. v. Gurham,* 754 F.2d 1 (1st Cir.1985).

#### 2. *Statutory provisions*

Title 12 of the United States Code sets forth a number of jurisdictional provisions for actions to which the FDIC is a party. Section 1819, which sets forth the general powers of the FDIC, contains a general jurisdictional subsection providing:

(b)(2) Federal court jurisdiction

(A) In general

---

**1.** Correct total is $32,961.32.

Except as provided in subparagraph (D) [governing certain state law claims], all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

12 U.S.C. § 1819(b)(2) (1988 & Supp. II 1990). The exception referred to is pertinent to the instant case and provides:

any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D).

The FDIC is also authorized to act for the Resolution Trust Corporation ("RTC") under 12 U.S.C. § 1441a(b)(1)(C). Actions against the RTC are governed by the jurisdictional provisions of § 1441a, which provide that any civil action to which the RTC is a party, without exception, is deemed to arise under federal law. 12 U.S.C. § 1441a(*l*)(1). That section also authorizes removal from state courts, but the FDIC may remove only to the United States District Court for the District of Columbia, or if the action arises with respect to a receivership, to the United States district court for the district where the institution's principal business is located.[2]

In the instant case, the FDIC is being sued in its capacity as the receiver of Capitol Bank, a failed banking institution. The general jurisdictional provisions are supplemented by a statutory procedure for making claims against the FDIC when it is sued in its capacity as receiver for a failed depository institution. In 1989, Congress enacted a comprehensive administrative procedure for making such claims as part of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), the relevant portions of which are codified at 12 U.S.C. § 1821(d). Under this procedure, those with claims against either a seized depository institution or its receiver must first present their claims to the receiver, who decides the disputes according to the procedures contained in the statute. § 1821(d)(3)–(10). The receiver has 180 days in which to make a determination on the claim, unless it extends the determination period by a written agreement with the claimant. § 1821(d)(5). If the receiver denies the claim, then the claimant has 60 days after the notice of disallowance either to request an administrative review or to commence a *de novo* action in the appropriate federal district court. § 1821(d)(6)(A). If the receiver fails to give notice of disallowance within the claim determination period, then the claimant has 60 days from the end of that period to request an administrative review or file suit in the appropriate federal court. *Id.* If the claimant fails to do either, he loses all rights with respect to that claim. § 1821(d)(6)(B).

The statute provides that a claimant may file suit in the district court "within which the depository institution's principal place of business is located or the United States

**2.** The FDIC relied on § 1441a in removing this action from the State court, thus necessitating its removal to the District of Columbia and then transfer to the District of Rhode Island. However, it has not argued here that this statute governs and thereby preempts plaintiff's argument, which is based on the language of § 1819.

Because it is not clear to the Court whether the FDIC is acting in its capacity as agent for the Resolution Trust Corporation, it will assume that § 1819 is the applicable statute, and that FDIC's earlier reliance on § 1441a was a mistake.

District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." 12 U.S.C. § 1821(d)(6)(A). Those Courts have exclusive jurisdiction over such suits. Section 1821(d)(13)(D) states that "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over ... any claim...." *See Mansolillo v. FDIC*, 804 F.Supp. 426 (D.R.I.1992) (This Court transferred action against FDIC as receiver of Capitol Bank to the District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1631, transfer for want of jurisdiction.).

Plaintiff Lloyd clearly has not complied with the statutory claims procedure. Plaintiff filed this action in the Superior Court for the State of Rhode Island, rather than one of the two appropriate federal courts (D.C. or Mass.). The FDIC argues that for this reason, this Court has no subject matter jurisdiction, and must dismiss this case.

### 3. *Plaintiff's Arguments*

Plaintiff makes several arguments that this action is not subject to the claims procedure set forth in 12 U.S.C. § 1821(d). First, he argues that this action is not a "claim" as defined by the statute. Second, he argues that this action fits within the exception to federal court jurisdiction for purely state law claims, found in § 1819(b)(2)(D). Finally, he makes a number of arguments concerning the adequacy of the administrative procedure.

#### a. "Claims" under § 1821(d).

■ Plaintiff's argument that this action does not constitute a "claim" within the meaning of the statute is clearly without merit. Plaintiff first argues that because his complaint does not allege that there was a claim made and disallowed, the judicial review provision does not apply. That argument is absurd. Section 1821 provides that except via the claims procedure,

> no court shall have jurisdiction over—
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for

which the Corporation has been appointed receiver....

12 U.S.C. § 1821(d)(13)(D). Plaintiff's failure to make a claim would not exempt him from the requirements of § 1821. The claims procedure is mandatory for all actions that fall within the definition of § 1821.

■ Plaintiff also argues that his action is not a claim within the meaning of the statute because he is not seeking damages for a breach of contract. He asserts the claims procedure does not apply to actions concerning the validity of the formation of a contract that the FDIC seeks to enforce. However, that type of action is encompassed within the language "any action seeking a determination of rights with respect to" an asset.

■ Furthermore, even if plaintiff were successful on the merits, his claim of mutual mistake would not render the contract void ab initio, so that it might be argued that it was never an asset of the FDIC. Mutual mistake as to the terms of the contract merely renders it *voidable*. *Restatement (Second) of Contracts* § 152 (1981). The FDIC would retain an interest in the contract sufficient to consider it an asset. *See Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (defense of fraud in the inducement renders title in note voidable, but leaves the FDIC an "interest ... in an asset" subject to 12 U.S.C. § 1823(e)). A determination of whether plaintiff has the power to void the contract is clearly a "determination of rights with respect to" that asset.

#### b. Section 1819(b)(2)(D).

■ Plaintiff's second argument is that his action is exempt from the requirements of § 1821(d) because it fits within the exception to federal court jurisdiction set forth in § 1819(b)(2)(D). Plaintiff asserts that (1) the FDIC is being sued in its capacity as a receiver appointed by state authorities, (2) the suit involves only preclosing rights against the bank, and (3) that only the interpretation of state law is necessary. Therefore, plaintiff argues, this suit meets the requirements of

§ 1819(b)(2)(D), and his action in bringing suit in state court was proper.[3]

In support of plaintiff's argument he cites the Eighth Circuit's decision in *Empire State Bank v. Citizens State Bank*, 932 F.2d 1250 (8th Cir.1991). *Empire* involved a suit by plaintiff Empire Bank to establish a preferred claim to certain funds collected by the FDIC as receiver for Citizens, pursuant to a participation agreement between Empire and Citizens. This claim was based solely on state receivership law. Empire filed a proof of claim with the FDIC, but following the FDIC's denial of that claim filed suit in state rather than federal court. The FDIC removed the case to the District Court, which then granted Empire's motion for remand. The Eighth Circuit affirmed the remand, holding that Empire's claim fell within the parameters of 12 U.S.C. § 1819(b)(2)(D).

The Eighth Circuit's decision provides a somewhat problematical resolution of the conflict between these jurisdictional provisions. However, the Court need not decide whether § 1819(b)(2)(D) does provide an exception to the mandatory administrative claims procedure, because plaintiff's claim here does not satisfy the requirements of that provision.

■ Section § 1819(b)(2)(D)(iii) states that the exception is only applicable to actions "in which only the interpretation of [state law] is necessary." Courts have construed that provision to require examination of not only the law that forms the basis of plaintiff's complaint, but "the case as a whole—complaint and likely defenses as well." *Capizzi v. FDIC*, 937 F.2d 8, 10 (1st Cir.1991). *Accord, Empire State Bank*, 932 F.2d at 1252; *Lazuka v. FDIC*, 931 F.2d 1530, 1533 (11th Cir.1991). So long as the FDIC asserts a defense raising a "disputable issue of federal law," federal court jurisdiction is appropriate. *Empire State Bank*, 932 F.2d at 1252 (adopting standard set forth in *Perini Corp. v. FDIC*, 754 F.Supp. 235, 238 (D.Mass.1991)).

In this case, the FDIC has argued that plaintiff's claim is barred by 12 U.S.C. § 1823(e), the codification of what is known as the *D'Oench* defense, after the Supreme Court's decision in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Section 1823(e) provides:

No agreement which tends to diminish or defeat the interest of the Corporation in any asset ... shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

Such a defense clearly prevents application of the § 1819(b)(2)(D) exception. *Capizzi*, 937 F.2d at 11.

Plaintiff and defendant dispute the applicability of the so-called *D'Oench* defense, a dispute obfuscated by the FDIC's mischaracterization of the factual underpinnings of this case. The FDIC's memorandum states that plaintiff is relying on a promise of renovation funding that was not included in the purchase and sale agreement. That type of claim would clearly be barred by *D'Oench*, but it is not the claim at issue here. The FDIC's own letter to plaintiff admits the existence of an "unfunded loan agreement" that was explicitly disaffirmed by the FDIC. The FDIC also refused to address plaintiff's argument on the *D'Oench* issue contained in plaintiff's supplemental memorandum, calling it "an attempt by Plaintiff to 'leap frog' to the merits of the case," despite the fact that it

---

**3.** Plaintiff asserts that this provision gives this Court jurisdiction over this action. That is not the case. If § 1819(b)(2)(D) exempts this claim from the requirements of § 1821(d), it is be-
cause no federal court has jurisdiction, and the appropriate remedy is remand to the Rhode Island Superior Court.

was the FDIC who raised the issue as grounds for its motion to dismiss.

█ In order to determine whether there is a "disputable" *D'Oench* defense, the Court must examine exactly what it is that plaintiff is claiming. On one level plaintiff's claim could be seen as a simple assertion that both parties to the contract were mistaken as to Capitol Bank's solvency. This does not appear to be an "agreement" within 12 U.S.C. § 1823(e), but it just as clearly does not state a claim for mutual mistake. Mistakes as to the financial ability of a party do not justify avoidance of a contract. *Restatement of Contracts (Second)*, § 152, Comment (b) (1981).

Plaintiff's claim goes beyond the mere fact of insolvency to allege a mutual mistake as to the value of the property as stated in the purchase contract. Plaintiff in essence alleges that the valuation as expressed in the contract was dependent on the availability of the renovation funding promised in that same contract. His claim is that both parties to the contract understood that without that funding the property was worth far less than the $80,000 stated in the contract.

█ The Court need not, and indeed has no power to, address the merits of this claim. It is clear, however, that the allegation that Capitol Bank and plaintiff had a different understanding of the value of the property than that stated in the contract presents a disputable issue of federal law under § 1823(e). The Supreme Court has held that a claim of fraudulent misrepresentation as to the value of consideration is barred by § 1823(e) because the bank's warranties regarding the land constituted an agreement barred by the statute. *Langley v. FDIC*, 484 U.S. at 92–93, 108 S.Ct. at 401–02. *See also, In re Griffith*, 47 B.R. 416 (D.Ore.1985) (debtor's claim that his home was mistakenly listed as collateral when other property was intended was barred by 12 U.S.C. § 1823(e)). The FDIC's defense raises an issue of federal law sufficient to prevent application of the § 1819(b)(2)(D) exception.

### c. Adequacy of the Administrative procedure

Plaintiff makes a number of arguments that appear to allege that the administrative procedure is inadequate in some way. Plaintiff relies in part on *Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), in which the Supreme Court held that under the statute in place before the FIRREA amendments, the FSLIC did not have the power to "adjudicate" claims, and exhaustion of the administrative process was not required because there was no time limit in which the agency was required to make a determination. Both of these problems were addressed by Congress in the 1989 FIRREA, which established a time limited process and provided for *de novo* review by particular federal courts. The Court fails to see the current relevance of this holding.

█ Plaintiff also argues that he is not subject to the jurisdictional bar because his request for an equitable order is not susceptible of resolution through the claims procedure. He relies on *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 394–95 (3d Cir.1991), *cert. den.*, ─── U.S. ───, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991), in which the Third Circuit held that plaintiff's request for an order banning retroactive termination of an ERISA plan was not subject to the claims procedure. (The issuance of the order against the FDIC as receiver was, however, barred by 12 U.S.C. § 1821(j). *Id.* at 398.) This holding is simply inapplicable to plaintiff's claim. The FDIC has the power to decide, through its claims procedure, that plaintiff does not owe the full amount of the note and mortgage. Thus, the claims procedure is adequate.

### B. Dismissal

Because plaintiff's action is a claim within the meaning of § 1821(d), and is not exempt from the claims procedure by virtue of § 1819(b)(2)(D) or otherwise, it is clear that plaintiff brought suit in a court with no jurisdiction over this action. The administrative claims procedure set forth in 12 U.S.C. § 1821 vests exclusive jurisdic-

tion of this action in the United States District Courts for the District of Columbia and the District of Massachusetts.

■ For this reason, this Court has no choice but to dismiss this action. This Court is not only an inappropriate forum under § 1821(d), but is being asked to take jurisdiction of this case on removal from a state court that lacked jurisdiction. A federal court cannot take jurisdiction of a case on removal from a state court unless that state court also had jurisdiction over the action. Even a federal court with exclusive jurisdiction over an action must dismiss that action when it has been removed from a state court that had no jurisdiction. *Lambert Run Coal Co. v. Baltimore and O. R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Daley v. Town of New Durham*, 733 F.2d 4, 6 (1st Cir.1984) (holding that district court should have dismissed antitrust claims removed from state court because state court lacked subject matter jurisdiction; Sherman Act provides for exclusive jurisdiction in federal courts); Charles A. Wright, Arthur R. Miller and Edward H. Cooper, 14A *Federal Practice and Procedure*, Jurisdiction 2d § 3722 at 284 (1985). *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983) ("[P]recedent involving other statutes granting exclusive jurisdiction to the federal courts suggests that, if such an action were not within the class of cases over which state and federal courts have concurrent jurisdiction, the proper course for a federal court to take after removal would be to dismiss the case altogether, without reaching the merits.").[4]

C. Other grounds for dismissal

Because this Court has no jurisdiction over these claims as removed from the state court, it will not address the other grounds asserted in defendant's motion to dismiss.

### III. Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss for lack of subject matter jurisdiction. It is so ordered.

---

**4.** In so ruling, the Court does not take any position on whether a claim that fits the requirements of § 1819(b)(2)(D) would be exempted from the administrative claims procedure. The statutory provisions at issue cover an overlapping set of actions against the FDIC as a receiver, and each appears to grant exclusive jurisdiction to entirely different court systems.

The resolution afforded by the Eighth Circuit puts a plaintiff in the untenable position of having to guess, in choosing a court, whether the FDIC will raise a "disputable" issue of federal law in defense. If the plaintiff chooses wrong, he faces dismissal of his case. However, the Court sees no way to give effect to § 1819(b)(2)(D) without producing this result.