In re **FIRST CITY ASSET SERVICING COMPANY, Debtor.**

**FIRST CITY ASSET SERVICING COMPANY, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE COR-PORATION In Its Corporate Capacity and as Receiver for Collecting Bank, N.A., Defendants.**

Bankruptcy No. 392–39860–HCA–11. Adv. No. 393–3007.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

July 1, 1993.

Deborah D. Williamson, Cox & Smith Inc., San Antonio, TX, for plaintiff.

Robert G. Richardson, Hutcheson & Grundy, L.L.P., Dallas, TX, for F.D.I.C. as Receiver for Collecting Bank, N.A.

Stephen J. Pruss, F.D.I.C., Dallas, TX, for F.D.I.C.

### MEMORANDUM OPINION REGARDING FDIC/RECEIVER'S MOTION TO DIS-MISS AMENDED COMPLAINT

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came on for hearing the 11th day of May, 1993, the FDIC/Receiver's Motion to Dismiss Amended Complaint for Preliminary Mandatory Injunction and Complaint Under 11 U.S.C. §§ 549 and 550 to Recover Funds Transferred in Violation of the Automatic Stay Imposed by 11 U.S.C. § 362 ("Motion"). After reading the Motion, Brief in Support, and Memorandum of Law, filed by the Federal Deposit Insurance Corporation ("FDIC"), and the Response and Brief in Support filed by First City Asset Servicing Company ("Debtor"), and after hearing oral argument on the matters, the Court has determined that the Motion should be denied.

## PROCEDURAL BACKGROUND

The Debtor instituted this adversary proceeding against the Federal Deposit Insurance Corporation ("FDIC") by filing its Complaint on January 5, 1993. The Complaint was amended on March 13, 1993. The Motion to Dismiss addresses the Amended Complaint. The defendants in the Amended Complaint are the FDIC in its corporate capacity and the FDIC as Receiver for Collecting Bank, N.A. ("FDIC/Collecting"). FDIC/Collecting brings this Motion to Dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and (6). The Motion concerns only the allegations against FDIC/Collecting, and not the allegations against the FDIC in its corporate capacity. In ruling on such a motion the Court has power to dismiss for lack of jurisdiction by reference to (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). In determining whether the Court has jurisdiction in this case, the Court has considered the Amended Complaint as well as certain undisputed facts.

## THE COMPLAINT

The facts alleged in the Amended Complaint are as follows: The FDIC, at all times relevant to this adversary proceeding, had been acting as Receiver of Collecting Bank, N.A. and First City Bank—Houston, N.A. ("First City Houston"). The Debtor had funds on deposit with First City Houston totalling $2,531,053.96. On November 3, 1992, FDIC/Collecting, apparently acting in some sort of creditor capacity, made demand on the Debtor for these funds. On November 9, 1992, however, the Debtor filed its voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. The following day, November 10, 1992, the funds were transferred from the FDIC as receiver for First City Houston to FDIC/Collecting.

The Debtor claims that what occurred was a violation of the automatic stay provided by 11 U.S.C. § 362, and that the transfer is an avoidable transfer of property of the estate pursuant to 11 U.S.C. § 549(a). The Debtor requests an order from the Court requiring FDIC/Collecting to pay $2,531,053.96 to the Debtor, to the Registry of the Court, or alternatively to an interest bearing account not to be touched without court order. The Debtor also requests such other and further relief to which it may be entitled. Again, the defendants in this adversary proceeding are FDIC/Collecting and the FDIC in its corporate capacity. FDIC as receiver for First City Houston is not a party.

## DISCUSSION

FDIC/Collecting makes two arguments why the Amended Complaint should be dismissed. First, it argues that 12 U.S.C. § 1821(d)(13)(D) divests this Court of subject matter jurisdiction over the action. Second, FDIC/Collecting argues that 12 U.S.C. § 1821(j) acts as a bar to any injunctive relief against the FDIC as receiver. The Debtor's position, however, is that because the action involves the assets of a debtor in bankruptcy and the automatic stay provided by 11 U.S.C. § 362, this Court does in fact have the necessary jurisdiction.

The issue presented is one of first impression. At first glance, FDIC/Collecting's first argument appears to have a great deal of force. 12 U.S.C. § 1821(d)(13)(D) provides:

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). This provision is part of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") enacted by Congress in 1989 as a comprehensive administrative procedure for making claims against a failed depository institution or its receiver. The District Court for the District of Rhode Island has recently described the statutory framework of which § 1821(d)(13)(D) is a part.

> Under this [FIRREA] procedure, those with claims against either a seized depository institution or its receiver must first present their claims to the receiver, who decides the disputes according to the procedures contained in the statute. § 1821(d)(3)–(10). The receiver has 180 days in which to make a determination on the claim, then the claimant has 60 days after notice of the disallowance either to request an administrative review or to commence a *de novo* action in the appropriate federal district court. § 1821(d)(6)(A). If the receiver fails to give notice of disallowance within the claim determination period, then the claimant has 60 days from the end of that period to request an administrative review or file suit in the appropriate federal court. *Id.* If the claimant fails to do either, he loses all rights with respect to that claim. § 1821(d)(6)(B).

*Lloyd v. Federal Deposit Insurance Corp.*, 812 F.Supp. 293, 297 (D.R.I.1993). ▪ The Court of Appeals for the Fifth Circuit has held that § 1821(d)(13)(D) establishes a statutory exhaustion requirement. *See Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir.1992). The language in § 1821(d)(13)(D) "except as otherwise provided in this subsection" refers, at least in part, to § 1821(d)(6)(A) which provides jurisdiction to courts to hear suits on claims after the receiver either disallows the claim or allows its 180–day review period to elapse. *See Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 391–92 (3d Cir. 1991). Until a claimant's administrative remedies have been exhausted, no court has jurisdiction over certain actions. *See Meliezer*, 952 F.2d at 882.

The parties to this action do not dispute that the Debtor has filed claims pursuant to FIRREA, and that it has not yet exhausted its administrative remedies. Because of this lack of administrative exhaustion, FDIC/Collecting asserts that this Court has no jurisdiction to hear the action against it.

The issue presented by FDIC/Collecting requires the Court to look beyond the language of one section of FIRREA, however. In the instant case, FDIC/Collecting's reading of FIRREA apparently conflicts with one of the most fundamental provisions of the Bankruptcy Code, the automatic stay. 11 U.S.C. § 362(a) provides in part:

> ... [A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
>
> .     .     .     .     .
>
> (3) any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate;
>
> .     .     .     .     .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> .     .     .     .     .

11 U.S.C. § 362(a). To resolve the apparent conflict, the Court must consider the entire statutory scheme of FIRREA and its impact on the provisions of the Bankruptcy Code.

The Court finds the two systems somewhat analogous. Both the institution of a receivership for a depository institution and the filing of bankruptcy start processes which attempt to gather the subject's assets for a fair distribution. In each system it is imperative that claims be resolved efficiently. An entity with a claim against the debtor in bankruptcy must present that claim for determination in the bankruptcy court. *See* Fed.R.Bankr.P. 3002 and 3003. An entity with a claim against a failed depository institution or its receiver must present that claim first to the receiver for determination. *See Meliezer*, 952 F.2d at

882. Under both statutes, if a claim is not timely presented, it is lost. *See Id.;* Fed. R.Bankr.P. 3002 and 3003.

■ Congress was not unaware of the bankruptcy process when it enacted the FIRREA claims provisions. *See In re Colonial Realty Co.,* 980 F.2d 125, 132–33 (2d Cir.1992). The statutes must be read, if possible, so as not to conflict. *See Id.* and cases cited therein (no repeal by implication of the automatic stay by the enactment of FIRREA unless the Bankruptcy Code and FIRREA are irreconcilable). Therefore, if a bankruptcy estate has claims against the assets of a failed depository institution or assets in its receivership, it must present those claims pursuant to the FIRREA process. If the receiver of a failed depository institution has a claim against the assets of a bankruptcy estate which are not in the possession of the depository institution's receivership, it must follow the procedures of the Bankruptcy Court. This rule comports with the holding of the Second Circuit in *In re Colonial Realty Co.,* 980 F.2d 125, 137 (2d Cir.1992), the only reported case that has required a court to deal with conflicts between the Bankruptcy Code's automatic stay and FIRREA's restrictions placed on courts.

*Colonial* involved a situation in which the FDIC, as receiver for a failed depository institution, brought suit in federal district court against a bankruptcy debtor for an alleged fraudulent transfer. The trustee in bankruptcy brought an action in the bankruptcy court to enjoin the FDIC from continuing the district court suit. The bankruptcy court issued an order enjoining the FDIC from commencing or continuing any action in any forum, other than the bankruptcy court, without complying with 11 U.S.C. § 362. *See In re Colonial Realty Co,* 134 B.R. 1017 (Bankr.D.Conn.1991). In its opinion the bankruptcy court quickly dismissed the jurisdictional (d)(13)(D) argument as meritless. The apparent reasoning of that court was that the debtor sought an injunction rather than money damages. *See Id.* at 1023. This argument was not pursued on appeal. On appeal, the FDIC did pursue its § 1821(j)[1] argument that no court could enjoin the FDIC in its operations. The Court of Appeals for the Second Circuit held that § 1821(j) ban on *court* action did not inhibit the operation of the automatic stay. *See* 980 F.2d at 137.

■ With this as a backdrop, the allegations in this adversary proceeding bear repeating. At the time the Debtor declared bankruptcy, it had deposit accounts with First City Houston. The FDIC was acting as receiver for First City Houston and as receiver for Collecting Bank. Collecting Bank had a claim against the Debtor. After the Debtor had filed its bankruptcy petition, FDIC/Collecting received a transfer of the accounts from the FDIC as receiver of First City Houston. The Debtor now claims that FDIC/Collecting violated the automatic stay because FDIC/Collecting acted without first making a motion to this Court to lift the stay.

The first fact the Court notes is that the alleged transfer was not one which was contained within one receivership. The transfer was from the FDIC as receiver for First City Houston to FDIC/Collecting. The FDIC as receiver for First City Houston and the FDIC as receiver for Collecting Bank are two separate entities. *Cf. Federal Deposit Insurance Corp. v. Berry,* 659 F.Supp. 1475, 1481 (E.D.Tenn.1987) (FDIC/Receiver and FDIC/Corporate are separate entities). Thus, FDIC/Collecting had to go outside its receivership to collect the debt of the Debtor. Under the Court's previously expressed guidelines, and because the Debtor had already filed its bankruptcy petition, FDIC/Collecting was required to file a claim or to first make a motion to the Bankruptcy Court to have the stay lifted before attempting to reach assets of the Debtor which were outside the Collecting Bank Receivership. Under the facts as alleged, it did not do so.

Under these alleged circumstances, the Court must deny the Motion to Dismiss. FDIC/Collecting in effect takes the posi-

---

1. 12 U.S.C. § 1821(j) provides that "no court may take any action ... to restrain or affect the exercise of powers or functions of the [FDIC] as conservator or receiver."

tion that the FDIC must get bankruptcy court approval to bring a claim against a bankruptcy debtor (the rule stated in *Colonial*), but that there is no need for such approval if it can recover the claim circuitously by transfers between receiverships. The additional fact that FDIC/Collecting has completed its actions which allegedly violated the stay, however, cannot in itself divest this Court of jurisdiction to hear the Debtor's stay violation complaint.[2] This would create incentives for the FDIC to violate the stay. Allowing the FDIC to violate the automatic stay and force bankruptcy debtors to go through the FIRREA claims process before the debtor can remedy the violation in the bankruptcy court would threaten the operation of the bankruptcy system. Congress did not intend this result.

In denying the Motion to Dismiss, the Court makes no ruling that the ultimate relief requested by the Debtor may be granted, but only that the Court has subject matter jurisdiction to grant appropriate relief. The Court has serious concerns as to what relief can be granted in this adversary proceeding. It appears to the Court that the only remedy available for the alleged stay violation would be an order requiring a return to the *status quo ante.* Because the funds the Debtor now requests were in the possession of the FDIC as receiver for First City Houston prior to the alleged stay violation, returning to the *status quo ante* would require the Debtor to pursue its claim as to those funds against that receivership pursuant to the FIRREA process.

Because the ultimate issue may be resolved by compliance with the FIRREA statute as it relates to the Debtor's claim against the FDIC as receiver for First City Houston, the Court will schedule a pretrial conference pursuant to Fed.R.Bankr.P. 7016 in order to conserve judicial resources, so that the parties may address the Court's concerns. The conference is scheduled for

Aug. 5, 1993 at 9:15 a.m. An order consistent with this Memorandum Opinion will be entered forthwith.

---

**2.** It appears to the Court that, under normal circumstances, FDIC/Collecting would not have been able to recover the funds in the first place. An entity controlling assets of a bankruptcy debtor would most likely not alter those assets without an order from the bankruptcy court. In the instant case, however, the entity in control of the assets was the FDIC as receiver for First City Houston, which apparently did not feel bound by the stay.