**SOUTHEAST BANK, N.A., Plaintiff,**

v.

**GOLD COAST GRAPHICS GROUP PARTNERS: Robert M. Bogart, Steven M. Hudson and John H. Steiner, Defendants.**

No. 91–2266–CIV.

United States District Court,
S.D. Florida.

July 15, 1993.

Julie Feigeles, Adorno & Zeder, P.A., Miami, FL, for FDIC.

Thomas R. Spencer, Jr., Spencer & Klein, P.A., Miami, FL, for defendants.

## ORDER AND MEMORANDUM OPINION

GRAHAM, District Judge.

THIS CAUSE came before the Court upon the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Southeast Bank, N.A.'s, Fed.R.Civ.P. 12(b)(1) and Fed. R.Civ.P. 56 Motions to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment (D.E. 16), filed January 21, 1993. For the reasons stated in the memorandum opinion below, FDIC's motion to dismiss for lack of subject matter jurisdiction is granted.

## I. BACKGROUND

In November, 1990, Southeast Bank, N.A. ("Southeast") commenced this action in Dade County Circuit Court. Southeast filed suit against Gold Coast Graphics Group Partners, Robert M. Bogart, Steven M. Hudson, and John H. Steiner ("Defendants") for breach of a loan and security agreement. On or about December 28, 1990, Defendants filed a 22 Count Counterclaim against Southeast.

On September 19, 1991, the Office of the Comptroller of the Currency found Southeast to be insolvent and appointed FDIC as Receiver. Upon its appointment, FDIC, as Receiver, succeeded to all rights, titles, powers and privileges of Southeast pursuant to 12 U.S.C. § 1821(d)(2)(A).

On October 9, 1991, FDIC removed the state court action to this Court. On October 23, 1991, Defendants submitted administrative claims to FDIC based upon their Counterclaim pursuant to the administrative procedures set forth by 12 U.S.C. § 1821(d). On February 5, 1992, this Court entered an Order staying this action pending FDIC's determination of Defendants' claims.

On April 3, 1992, FDIC sent Defendants a letter notifying them that their claims were entirely disallowed. Eight months later on January 21, 1993, FDIC filed a Notice to Proceed and Motion to Lift Stay. On that same day, FDIC also filed its Rule 12(b)(1) and Rule 56 motions which are now before this Court.

## II. DISCUSSION

■■■ FDIC has moved to dismiss Defendants' Counterclaim for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). In the alternative, FDIC has moved for entry of summary judgment dismissing Defendant's Counterclaim, with prejudice, for lack of subject matter jurisdiction, pursuant to Rule 56. A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir.1981);[1] *Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668, 671–72 (5th Cir.1978). When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim. *Stanley*, 639 F.2d at 1157. Since the granting of summary judgment is a disposition on the merits of the case, a motion for summary judgment is not the appropriate procedure for raising the defense of lack of subject matter jurisdiction. *Id.* at 1157. *See* 10 Wright & Miller, Federal Practice and Procedure, § 2713, p. 610–12. *See also Madara v. Hall*, 916 F.2d 1510, 1514 n. 1 (11th Cir. 1990). Therefore, this Court shall consider FDIC's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### A. Standard of Review

■■■ Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms. "Facial attacks" on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). "Factual attacks," on the other hand, challenge "the

---

1. All cases decided by the former Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, are binding on the Eleventh Circuit and on all of the district courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*).

existence of subject matter jurisdiction in fact, irrespective of the pleading, and matters outside the pleadings, such as testimony and affidavits, are considered." [2] *Id.* at 1529 (quoting *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)). In the instant case, FDIC's motion to dismiss relies on factual assertions concerning the date on which the FDIC sent its notice of disallowance of claims and other pleadings in the record regarding whether Defendants took required action pursuant to administrative procedures under 12 U.S.C. § 1821(d). Consequently, this is factual attack which allows this Court to examine material outside the complaint in determining whether this Court has jurisdiction to hear the case.

## B. FIRREA

■ In 1989, Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), Pub.L. No. 101–73, the relevant portions of which are codified at 12 U.S.C. § 1821. FIRREA sets forth a comprehensive administrative procedure for making claims against the FDIC as receiver of a failed depository institution. Anyone with claims against either a seized depository institution or its receiver must first present their claims to the receiver, who decides the disputes according to the procedures contained in the statute. 12 U.S.C. § 1821(d)(3)–(10). Judicial determination is prohibited unless and until a person holding a claim against a failed institution has fully complied with the applicable procedures. 12 U.S.C. § 1821(d)(13)(D). [3]

FDIC's motion to dismiss raises issues concerning the FIRREA claims procedure and statute of limitations. FIRREA claims procedure is simple. As a first step, a claimant must present their claim to the receiver. The receiver then has 180 days in which to make a determination on the claim, unless it extends the determination period by a written agreement with the claimant. 12 U.S.C. § 1821(d)(5). If the receiver denies the claim, then the claimant has 60 days after notice of disallowance to either: 1) request an administrative review; 2) file suit on such claim; or 3) continue any action commenced before the appointment of the Receiver. 12 U.S.C. § 1821(d)(6)(A) and (B). [4] Failure to take any of the above courses of action within the prescribed 60–day period is grounds for

**2.** Moreover, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment. *Green v. Forney Engineering Co.,* 589 F.2d 243 (5th Cir.1979).

**3.** Section 1821(d)(13)(D) provides:

**Limitation on judicial review**
 Except as otherwise provided in this subsection, no court shall have jurisdiction over—
 (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
 (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

**4.** Section 1821(d)(6)(A) provides:

**Provision for agency review or judicial determination of claims**
 (A) In general
 Before the end of the 60–day period beginning on the earlier of—
 (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the [FDIC] is receiver; or
 (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
Section 1821(d)(6)(B) provides:
 (B) Statute of Limitations
 If any claimant fails to—
 (i) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or
 (ii) file suit on such claim (or continue an action commenced before the appointment of the receiver), before the end of the 60–day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and

dismissal for lack of subject matter jurisdiction. *Lloyd v. F.D.I.C.*, 812 F.Supp. 293 (D.R.I.1993); *Mansolillo v. F.D.I.C.*, 804 F.Supp. 426 (D.R.I.1992); *F.D.I.C. v. Hanson*, 799 F.Supp. 954 (D.Minn.1992); *Cardente v. Fleet Bank of Maine, Inc.*, 796 F.Supp. 603, 608 (D.Me.1992); *Capital Data Corp. v. Capital Natl. Bank*, 778 F.Supp. 678 (S.D.N.Y.1991).

### C. Lack of Subject Matter Jurisdiction

 In the instant case, Defendants filed their administrative claim with the FDIC on October 23, 1991. On April 3, 1992, the FDIC issued their notice of disallowance to Defendants. Therefore, Defendants had until June 2, 1992 to "continue" their action.[5] In other words, Defendants were required under § 1821(d)(6)(B) to take some formal affirmative action to "continue" their counterclaim. *First Union National Bank of Florida v. Royal Trust Tower, Ltd, et al.*, 827 F.Supp. 1564 (S.D.Fla.1993). Defendants have made no attempt to continue their action on the counterclaim since receiving FDIC's notice of disallowance. In fact, the only action taken by Defendants since receiving FDIC's notice of disallowance was in response to FDIC's motion to dismiss.[6]

Defendants argue that since they had already filed a counterclaim against Southeast, there was nothing more for them to do. Moreover, Defendants argue that it was FDIC's obligation to move the case forward after it made its determination. This Court disagrees. Pursuant to 12 U.S.C. § 1821(d)(6), Defendants had an obligation to take affirmative action to continue their counterclaim once they learned that their claims were disallowed by FDIC. In fact, Defendants had the simple burden of notifying the Court of the denial of their claims, request that the stay be lifted, and proceed with their counterclaim.

Since Defendants failed to do any of these acts, the initial determination by FDIC is final and Defendants' claims are forever barred. Once a determination has become final, this Court has no authority to take any further action pursuant to the jurisdictional bar of § 1821(d)(13)(D). Consequently, this Court lacks subject matter jurisdiction.

### III. CONCLUSION

Based on the foregoing discussion, it is **ORDERED and ADJUDGED** that defendants' motion to dismiss Defendants' Counterclaim is hereby GRANTED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of July, 1993.

---

the claimant shall have no further rights or remedies with respect to such claim.

**5.** In its notice of disallowance, the FDIC refused to review their determination. Therefore, Defendants' only recourse was to continue the action since they had already brought suit.

**6.** Defendants have filed a total of three motions since receiving FDIC's notice of disallowance: 1) Motion for extension of time to file a response to Motion to Dismiss, filed February 3, 1993; 2) Defendant's attorney's Motion to Withdraw, filed February 17, 1992; and 3) Defendants' Response to Motion to Dismiss, filed February 19, 1993.